## Coke v. Dowell et al.

Jan. 19, 1940.

Walls & Kincheloe for appellant.

A. Murray Beard for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Affirming.

At the 1938 session, the General Assembly of Kentucky passed an Act, Chapter 112, now Sections 2741e-12 to 2741e-23, inclusive, Baldwin's Kentucky Statutes, 1938 Supplement, authorizing cities of the second, third, fourth, fifth and sixth classes to improve the streets, alleys and other public ways of such cities by contract with or in cooperation with the Works Progress Administration or other agencies of the United States Government or of the state of Kentucky, and providing for the method of payment of the cost of such improvement.

In October 1938 the board of trustees of the town of Hardinsburg, a municipality of the sixth class, duly passed and adopted a resolution providing for the improvement of certain streets of the town of Hardinsburg pursuant to and in accordance with the statutes, supra, and entered into an agreement with the Works Progress Administration for the improvement of said streets. After the improvements had been completed and accepted by the proper authorities and assessment made against the abutting property owners for their respective parts of the cost of the improvements and bonds issued therefor on the ten-year payment plan as provided in the Act, the appellant suing as a taxpayer and citizen of the town of Hardinsburg, brought this action in the Breckinridge circuit court against the trustees of the town, individually and as trustees, and the town of Hardinsburg, seeking to have adjudged void the assessments made against the property abutting the improved streets and also that the bonds issued thereunder be held void.

The action was brought under the provisions of Section 639a—1 of the Civil Code of Practice, known as the Declaratory Judgment Act, and prayed for a declaration of rights of the parties and, that the assessments made against the property for the costs of the improvement be set aside and held at naught and that the bonds issued thereunder be held void.

The petition set out the facts substantially as we have indicated above and there is filed therewith as ex-

hibits thereto and made part thereof the resolution adopted by the trustees of the town and all subsequent resolutions, orders, and a complete abstract of all steps taken by the board of trustees necessary and incident to the construction of the improvements, the apportionment of the cost thereof, the assessment against the abutting property and issuance of the bonds as authorized by the statutes, supra.

The defendants filed general demurrer to the petition and without waiving same filed their answer, admitting all the facts set out in the petition but denying the plaintiff's conclusion of law—that the improvement made and the bonds issued therefor are in violation of the statutes or in violation of the Kentucky Constitution.

The case was submitted on the pleadings and the chancellor sustained the demurrer to the petition and plaintiff failing to plead further judgment was entered dismissing the petition and holding valid the entire proceedings. Hence this appeal.

It is admitted by appellant that all steps and procedure taken by the appellees was in strict compliance with the statutes, supra, and the only ground relied on for a reversal of the judgment is that the 1938 Act, pursuant to which the street improvement was made, is in conflict with Section 3706 of Carroll's Kentucky Statutes, 1936 Edition, a part of the charter of towns of the Sixth Class, which provides for the improvement of the streets of towns of that class.

It is provided, among other things, in that section (3706) that such improvement authorized therein shall be made by ordinance of the board of trustees and the contract therefor shall be awarded to the lowest and best bidder after proper advertisement for bids, and that the trustees shall require the accepted bidder to execute a bond to the town with sufficient surety to be approved by the board of trustees for the faithful performance of his contract. Appellant insists that these requirements afford a protection to the citizens and taxpayers of the town and is a fundamental right to which they are entitled, but which are not provided in the 1938 Act, and since Section 3706 is not repealed by the 1938 Act the former should be observed and followed in making the improvements of the streets in towns of the Sixth Class.

The Legislature has the right to provide any meth-

od it may deem proper for the improvement of the streets and public ways of municipalities so long as it does not contravene any constitutional provisions. It has been consistently held in this jurisdiction, and all others so far as we know, that the improvement of streets and public ways of municipalities at the cost of the owners of the abutting property is not a debt against the municipality, hence the constitutional provisions dealing with municipal debts are not applicable.

Section 1, Chapter 112, of the 1938 Acts, now Section 2741e-12 of the Kentucky Statutes, Supp. 1938, provides "that this act provided an alternative method for the improvement of streets, alleys and other public ways and sidewalks including curbs and gutters and does not conflict with or repeal any part of any act now in force providing for the improvement of such public ways, streets, alleys and sidewalks."

The 1938 Act does not repeal or otherwise modify Section 3706 or other provisions of charter of towns of the Sixth Class and the board of trustees may in their discretion provide for the improvement of the streets, alleys and other public ways under either the Acts of 1938, as was done in the present case, or Section 3706 and other provisions of charter of towns of the Sixth Class. It is optional with the board of trustees or other governing authorities of the respective classes of cities mentioned in the 1938 Act, to improve the public ways of such cities and towns under the Act by taking advantage of the financial assistance of the Works Progress Administration, or other agencies mentioned in the Act, or under the provisions of the respective charters of cities and towns of the various classes as therein provided. The fact that the Legislature has provided different or alternative methods for improvement of public ways, either of which is optional with the governing authorities of the classes of cities mentioned in the 1938 Act, does not render either method void and, therefore, the appellees acted within their legal rights in choosing the method they did.

It follows, therefore, that the improvement of the streets in question were legally made and the assessment against the abutting property for the cost thereof and the bonds issued pursuant thereto are valid.

Judgment affirmed.